IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2113-FL

| | | |
|---|---|---|
| ELGIN ORLANDAS HART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE # 7) pursuant to Federal Rule of Civil Procedure 56 of respondent George Kenworthy ("respondent"). Petitioner responded to the motion, and respondent replied. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

### STATEMENT OF CASE

On May 13, 2005, in the Lenoir County Superior Court, petitioner was convicted of possession of cocaine with intent to sell and deliver, intentionally keeping or maintaining a building for the purpose of unlawfully keeping or selling controlled substances, and possession of marijuana. State v. Hart, 179 N.C. App. 30, 633 S.E.2d 102 (2006). Petitioner additionally pleaded guilty to habitual felon status, and was sentenced to a term of one hundred fifty-one (151) to one hundred ninety-one (191) months imprisonment. Id.

Following his conviction, petitioner filed a direct appeal to the North Carolina Court of Appeals. Id. On August 1, 2006, the court of appeals issued an order finding no error. Id.

Petitioner then filed an appeal as of right, based upon the dissenting opinion, to the North Carolina Supreme Court. State v. Hart, 361 N.C. 309, 644 S.E.2d 201 (2007). The supreme court affirmed in part, reversed in part, and remanded the action to the court of appeals. Id. On March 3, 2009, the court of appeals issued an opinion finding no error. See State v. Hart, 195 N.C. App. 598, 673 S.E.2d 799 (2009).

On March 1, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Lenoir County Superior Court. Id. Ex. 10. The superior court denied petitioner's MAR on March 3, 2010. Id. Ex. 11. On March 24, 2010, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, seeking review of the superior court's denial of his MAR, which was denied on April 9, 2010. Id. Exs. 12, 14. On April 30, 2010, petitioner filed a *pro se* notice of appeal to the North Carolina Supreme Court. Id. Ex. 15. The supreme court dismissed petitioner's notice of appeal on June 16, 2010. Id. Ex. 16.

On June 1, 2011,[1] respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following claims for relief: (1) the state court's decision to summarily deny his MAR without conducting an evidentiary hearing is contrary to clearly established federal law; (2) the state court's denial of his claims pursuant to the Fifth and Sixth Amendments to the United States Constitution is contrary to clearly established federal law; and (3) the state court's failure to address all of his claims is contrary to clearly established federal law.

On August 12, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated June 1, 2011, but filed on June 15, 2011, to be filed on June 1, 2011. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

barred. Alternatively, respondent argues that the petition is without merit. Petitioner filed a response to respondent's motion to dismiss, and respondent replied.

## DISCUSSION

A. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Respondent argues that petitioner's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on March 3, 2009. Petitioner then had thirty-five (35) days, until April 7, 2009, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513 at *10 (2012). Thus, petitioner's conviction became final on April 7, 2009, when his case became final for purposes of direct appellate review.

The one-year limitation period then began to run on April 7, 2009, and ran for three hundred twenty-eight (328) days until petitioner filed his MAR on March 1, 2010. The one-year statute of limitations period then was tolled from March 1, 2010, until certiorari was denied on April 9, 2010. Petitioner's statutory period subsequently resumed on April 9, 2010, and expired thirty-seven (37) days later on May 16, 2010. Petitioner did not file his habeas petition in this court until June 1, 2011. Thus, the action is time-barred.

As a defense to the running of the one-year statute of limitations period, petitioner alleges

4

that his April 30, 2010, *pro se* notice of appeal to the North Carolina Supreme Court tolled the statute of limitations period until the supreme court dismissed petitioner's filing on June 23, 2010. However, petitioner's certiorari petition did not operate to toll the one-year statute of limitations period because the North Carolina Supreme Court did not have the authority, pursuant to North Carolina law, to review the petition. See N.C. Gen. Stat. § 7A-28(a) ("[d]ecisions of the Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise."); N.C. R. App. P. 21(e) ("In [non-capital, post conviction cases, certiorari] petitions shall be filed in and determined by the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases. In the event petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court. If the petition is without merit, it shall be denied by the Court."); Torres v. Lee, No. 1:05-CV-661, 2006 WL 1932328, *4 (M.D.N.C.), appeal dismissed, 207 F. App'x 269 (4th Cir. 2006); Goldman v. Kenworthy, No. 5:10-HC-2266-BO, 2011 WL 5974565, *n.1 (E.D.N.C. Nov. 29, 2011). Thus, petitioner's April 30, 2010, petition does not operate to toll the statutory time period, and the action is time-barred.

In addition to statutory tolling, petitioner asserts his action should be equitably tolled because he is actually innocent of his convictions due to a constructive amendment during his state criminal proceedings. The Fourth Circuit, however, has not held that actual innocence tolls the one-year AEDPA limitation period. See DiCaprio-Cuozzo v. Johnson, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010); Brooks v. Lee, No. 3:06CV470-03-MU, 2008 WL 4862382, *3 (W.D.N.C. Nov. 10, 2008). Therefore, petitioner is not entitled to tolling on this ground.

Even if petitioner's actual innocence claim could toll the statutory period, he still would not

5

be entitled to relief. In order to establish actual innocence sufficient to excuse a procedural default, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence that was not and could not have been, presented at trial. Schlup v. Delo, 513 U.S. 298, 324-328 (1995). Because petitioner could have asserted his actual innocence claims at trial, and certainly prior to the expiration of the period of limitations, his actual innocence claim does not operate to toll the one-year statute of limitations period. Accordingly, petitioner has not alleged any grounds for equitable tolling, and his action is time-barred.

Finally, petitioner alleges that his action is not time-barred because the MAR court failed to address two claims-- that he is not guilty of the offenses for which he was convicted and that he received ineffective assistance of counsel. However, a review of the MAR court's order reveals that it addressed all of petitioner's claims. Petitioner has not presented any evidence to the contrary. Thus, the court rejects this argument, and finds that the action is time-barred.

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

6

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 7) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge